# No. 15-50476

# In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LEONEL WILSON-HOOKER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Texas

## BRIEF OF DEFENDANT-APPELLANT

MAUREEN SCOTT FRANCO
Federal Public Defender
Western District of Texas
727 E. César E. Chávez Blvd., B-207
San Antonio, Texas 78206
Tel.: (210) 472-6700
Fax: (210) 472-4454

JUDY FULMER MADEWELL
Assistant Federal Public Defender

*Attorney for Defendant-Appellant*

# CERTIFICATE OF INTERESTED PERSONS

## UNITED STATES v. LEONEL WILSON-HOOKER,
## No. 15-50476

The undersigned counsel of record certifies that the persons having an interest in the outcome of this case are those listed below:

1. **Leonel Wilson-Hooker,** Defendant-Appellant;

2. **Robert Pitman,** former U.S. Attorney;

3. **Richard L. Durbin, Jr.,** U.S. Attorney;

4. **Kyle Myers** and **Joseph Blackwell,** Assistant U.S. Attorneys, who represented Plaintiff-Appellee in the district court;

5. **Maureen Scott Franco,** Federal Public Defender;

6. **Erik A. Hanshew,** Assistant Federal Public Defender, who represented Defendant-Appellant in the district court; and

7. **Judy Fulmer Madewell,** Assistant Federal Public Defender, who represents Defendant-Appellant in this Court.

This certificate is made so that the judges of this Court may evaluate possible disqualification or recusal.

s/ Judy Fulmer Madewell
JUDY FULMER MADEWELL
*Attorney for Defendant-Appellant*

i

## STATEMENT REGARDING ORAL ARGUMENT

Leonel Wilson-Hooker requests oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ................................. i

STATEMENT REGARDING ORAL ARGUMENT ......................... ii

TABLE OF AUTHORITIES ............................................................ iv

SUBJECT MATTER AND APPELLATE JURISDICTION ............. 1

ISSUE PRESENTED FOR REVIEW ............................................. 2

STATEMENT OF THE CASE ......................................................... 3

SUMMARY OF THE ARGUMENT .................................................. 6

ARGUMENT AND AUTHORITIES ................................................ 7

    Wilson's Sentence Is Greater Than Necessary to Effectuate the
    Goals of 18 U.S.C. § 3553(a). ...................................................... 7

    A.  Standard of Review. ............................................................. 7

    B.  The Sentence Represents a Clear Error of Judgment by the
        District Court. ....................................................................... 7

CONCLUSION ............................................................................... 12

CERTIFICATE OF SERVICE ...................................................... 13

# TABLE OF AUTHORITIES

## Cases

*Gall v. United States,*
    552 U.S. 38 (2007) .................................................................. 7

*Kimbrough v. United States,*
    552 U.S. 85 (2007) ............................................................. 7, 9

*Rita v. United States,*
    551 U.S. 338 (2007) ................................................................ 9

*United States v. Booker,*
    543 U.S. 220 (2005) ................................................................ 7

*United States v. Galvez-Barrios,*
    355 F. Supp. 2d 958 (E.D. Wis. 2005) .............................. 9, 10, 11

*United States v. Mondragon-Santiago,*
    564 F.3d 357 (5th Cir. 2009) .................................................... 9

## Statutes

8 U.S.C. § 1326............................................................................ 3, 4

18 U.S.C. § 3231............................................................................... 1

18 U.S.C. § 3553(a) ............................................................... *passim*

18 U.S.C. § 3553(a)(1) ................................................................... 10

18 U.S.C. § 3553(a)(1)–(7)............................................................... 8

18 U.S.C. § 3553(a)(2) ................................................................. 7, 8

18 U.S.C. § 3553(a)(2)(A) ......................................................... 8, 10

18 U.S.C. § 3553(a)(2)(B) ............................................................... 8

18 U.S.C. § 3553(a)(2)(C) ............................................................... 8

18 U.S.C. § 3553(a)(2)(D) .................................................................. 8

18 U.S.C. § 3742 ............................................................................... 1

28 U.S.C. § 1291 ............................................................................... 1

**Rule**

Federal Rule of Appellate Procedure 4(b) ....................................... 1

**United States Sentencing Guidelines**

U.S.S.G. §2L1.2(b)(1)(D) .................................................................. 4

U.S.S.G. §3E1.1 ................................................................................ 4

**Other Authority**

1 Wayne R. LaFave, Substantive Criminal Law § 5.3(b)
    (2d ed. 2003) ............................................................................... 11

## SUBJECT MATTER AND APPELLATE JURISDICTION

**1.  Subject Matter Jurisdiction in the District Court.** This case arose from the prosecution of an alleged offense against the laws of the United States. The district court had jurisdiction of the case under 18 U.S.C. § 3231.

**2.  Jurisdiction in the Court of Appeals.** This is a direct appeal from a final decision of the United States District Court for the Western District of Texas, entering judgment of criminal conviction and sentence under the Sentencing Reform Act of 1984. This Court has jurisdiction of the appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

Under Federal Rule of Appellate Procedure 4(b), a criminal defendant who wishes to appeal a district court judgment must file notice of appeal in the district court within 14 days after the entry either of the judgment or order appealed from, or of a notice of appeal by the Government. In this case, the written judgment was entered on August 29, 2014, and Wilson filed a notice of appeal on September 8, 2014.

1

## ISSUE PRESENTED FOR REVIEW

Whether Wilson's sentence is greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a).

## STATEMENT OF THE CASE

Leonel Wilson-Hooker appeals from his 15-month sentence for illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326. He contends that his sentence is unreasonable in light of the sentencing factors in 18 U.S.C. § 3553(a).

Wilson is a 44-year-old citizen of Nicaragua. (ROA.115.) At the time that Wilson was young, Nicaragua was going through an extraordinarily violent civil war. (ROA.77.) When he was two years old, Wilson was abandoned by his father. (ROA.77.) By the time he was seven years old, he was sent to live with his grandparents. (ROA.77.) His grandfather was physically abusive to Wilson. (ROA.77–78.) So, at the age of 10, he ran away and started working in the sugar cane fields in Nicaragua. (ROA.78.) Then, at the age of 13, he was conscripted into the military by the Contras. (ROA.78.) During his teenage years, Wilson did not attend school, instead he spent his time fighting a war. (ROA.78.)  When he was 17 years old, Wilson fled to Costa Rica. (ROA.78.) He ultimately made his way to the United States. (ROA.78–79.) Wilson applied for political asylum but, because of a mistake on his address, he never made it to the asylum interview. (ROA.79.) Wilson was denied asylum and ordered removed. (ROA.79.)

Wilson returned to the United States and, in 2010, was con-
victed of illegal reentry after removal, for which he received a sen-
tence of 118 days, and again, in 2013, for which he received a sen-
tence of 10 months' custody. (ROA.121–22.) He was also convicted,
in 2011, of introducing contraband into a detention facility—
namely, seven cigarettes—for which he was sentenced to 90 days
time-served and 90 days of probation. (ROA.121–22.) Wilson was
last removed from the United States on July 16, 2014. (ROA.123.)
On December 21, 2014, Wilson was found in the Western District of
Texas. (ROA.17, ROA.114.) He had not received the consent of the
Attorney General or the Secretary of Homeland Security to reapply
for admission to this country. (ROA.117–18.) Wilson was indicted
for and pleaded guilty to illegal reentry into the United States after
removal, in violation of 8 U.S.C. § 1326. (ROA.17, ROA.44.)

A probation officer prepared a revised presentence report.
(ROA.114–34.) Under guideline §2L1.2(b)(1)(D), Wilson received a
four-level upward adjustment to his offense level based on his hav-
ing a prior illegal-reentry felony conviction. (ROA.119.) The officer
also recommended a two-level reduction for acceptance of responsi-
bility. (ROA.119); U.S.S.G. §3E1.1. The total adjusted offense level
was 10. (ROA.119.) Wilson had eight criminal history points—four

of which resulted from his prior illegal-reentry conviction. (ROA.120–23.) His criminal history category IV combined with the total offense level to produce an advisory guideline range of 15 to 21 months' imprisonment. (ROA.131.)

At sentencing, defense counsel asked the district court to impose a below-guideline sentence. (ROA.77–82.) Counsel asked the court to consider Wilson's unique personal circumstances. (ROA.77–82.) Counsel informed the court that Wilson had entered the United States because he was attempting to get to Canada to apply for asylum there. (ROA.80.) His new plan, counsel explained, was to try to go to Costa Rica, where he has siblings, and to try to reunite with his daughters, who are in Nicaragua. (ROA.81.) Wilson addressed the court and apologized. (ROA.83.) He explained that he had been attempting to get to Canada because Nicaragua was too dangerous. (ROA.84–85.) The court sentenced Wilson to 15 months' imprisonment, the bottom of the advisory Guidelines range. (ROA.45–50, ROA.86.) Wilson objected to the sentence being greater than necessary and appealed. (ROA.52, ROA.87.)

## SUMMARY OF THE ARGUMENT

**Wilson's Sentence Is Greater Than Necessary to Effectuate the Goals of 18 U.S.C. § 3553(a).**

Wilson's 15-month sentence is unreasonable, as measured by the factors set out in 18 U.S.C. § 3553(a). The sentence is unreasonable because the advisory guideline range overstated the seriousness of his offense and failed to account for his personal circumstances. Because the sentence is greater than necessary to meet the sentencing goals mandated by Congress under 18 U.S.C. § 3553(a), it should be vacated.

## ARGUMENT AND AUTHORITIES

**Wilson's Sentence Is Greater Than Necessary to Effectuate the Goals of 18 U.S.C. § 3553(a).**

The statute governing sentencing, "as modified by *Booker*,[1] contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing" in 18 U.S.C. § 3553(a)(2). *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Wilson's sentence is greater than necessary to meet these goals and is therefore unreasonable.

### A.  Standard of Review.

The appellate court is to "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 49–50 (2007).

### B.  The Sentence Represents a Clear Error of Judgment by the District Court.

District courts must impose sentences that are no greater than necessary to effectuate Congress's sentencing goals. 18 U.S.C. § 3553(a). Those goals are

(2) the need for the sentence imposed—

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553(a)(2). In fashioning a sentence to meet these purposes, the courts are directed to consider a broad range of factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1)–(7). In Wilson's case, the 15-month, within-guideline sentence imposed by the district court is greater than necessary to meet § 3553(a)'s goals and is therefore unreasonable.

To begin with, the 15-month sentence is greater than necessary to reflect the seriousness of Wilson's illegal reentry offense, contrary to § 3553(a)(2)(A). The guideline range for that offense was too high, in part because of the illegal reentry guideline's lack of

empirical basis and the problematic manner in which the Sentenc-ing Commission established the offense levels for illegal reentry. [2] Chapter 2 of the Guidelines Manual typically establishes offense levels based on a defendant's offense conduct, not his prior criminal record. *See United States v. Galvez-Barrios*, 355 F. Supp. 2d 958, 961–63 (E.D. Wis. 2005) (reviewing history and operation of guide-line §2L1.2). A defendant's prior record is ordinarily accounted for by his criminal history score, calculated under Chapter 4. *See id.* at 961. The guideline for unlawful reentry, however, gives heavy weight to a defendant's prior convictions in setting the offense level, effectively double-counting the defendant's criminal record in es-tablishing his guideline range. *Id.* Wilson, for example, was placed in criminal history category IV based, in large part, on his prior

---

[2] Ordinarily, the Court affords the advisory-guideline sentence a pre-sumption of reasonableness. Wilson believes the Court should not afford the presumption to a sentence under §2L1.2 because the guideline lacks an empirical basis. *Cf. Kimbrough*, 552 U.S. at 109 (discussing problems that guidelines lacking empirical basis have even in mine-run); *Rita v. United States*, 551 U.S. 338, 350–51 (2007) (approving presumption be-cause in mine-run case most guidelines give reasonable estimate of sen-tence). Wilson recognizes that the decision in *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), forecloses his argu-ment, but he raises it to preserve it for possible review by the Supreme Court.

felony illegal-reentry conviction. (ROA.122–23.) But his offense level was also increased by four levels based on that same felony conviction. (ROA.119.) "Although it is sound policy to increase a defendant's sentence based on his prior record, it is questionable whether a sentence should be increased twice on that basis." *Galvez-Barrios*, 355 F. Supp. 2d at 963. That is what occurred in Wilson's case.

The illegal-reentry guideline produced a sentence range that overstated the seriousness of Wilson's unlawful reentry offense, failed to provide just punishment for that offense, and in so doing, undermined respect for the law. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A). Wilson entered the United States after being removed and told not to return. He did not commit a crime of violence. His crime did not pose a danger to others.

The sentence also failed to reflect Wilson's personal history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Wilson is a 44-year-old citizen of Nicaragua, who had a terrible childhood and ended up being conscripted, as a teenager, to fight for the Contras. (ROA.77–78, ROA.82, ROA.115.) When he was 17 years old, Wilson fled Nicaragua and ultimately made his way to the United States. (ROA.78–79.) Wilson applied for political asylum but, because of a

mistake on his address, he never made it to the asylum interview. (ROA.79.) Wilson was denied asylum and ordered removed. (ROA.79.) Wilson returned the United States because Nicaragua was too dangerous; he was trying to reach Canada to apply for asylum there. (ROA.80–81, ROA.84–85.) While Wilson's motive for reentering does not excuse his unlawful reentry, it mitigates the seriousness of the offense. *See Galvez-Barrios*, 355 F. Supp. 2d at 960; *see also* 1 Wayne R. LaFave, Substantive Criminal Law § 5.3(b) (2d ed. 2003) ("Motives are most relevant when the trial judge sets the defendant's sentence, and it is not uncommon for a defendant to receive a minimum sentence because he was acting with good motives, or a rather high sentence because of his bad motives."). Given these circumstances, a 15-month sentence is greater than necessary to meet § 3553(a)'s sentencing goals, and is therefore unreasonable.

## CONCLUSION

For these reasons, the Court should vacate Wilson's sentence and remand his case for resentencing.

Respectfully submitted.

<div style="margin-left:40%">

MAUREEN SCOTT FRANCO
Federal Public Defender


s/ Judy Fulmer Madewell
JUDY FULMER MADEWELL
Assistant Federal Public Defender
Western District of Texas
727 E. César E. Chávez Blvd., B-207
San Antonio, Texas 78206-1205
(210) 472-6700
(210) 472-4454 (Fax)

*Attorney for Defendant-Appellant*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of September, 2015, I electronically filed the Brief of Appellant with the Clerk of Court using the CM/ECF system which will send notification of such filing to Richard L. Durbin, Jr., U.S. Attorney for the Western District of Texas (Attn: Assistant U.S. Attorney Joseph H. Gay, Jr.), via electronic mail.

s/ Judy Fulmer Madewell

JUDY FULMER MADEWELL

*Attorney for Defendant-Appellant*